UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 21-cr-215-RC |
| | : | |
| **JOHN STEVEN ANDERSON** | : | |
| | : | |
| **Defendant.** | : | |

**UNITED STATES' REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

The United States of America hereby respectfully submits its reply in support of its motion for the entry of a protective order governing the production of discovery by the parties in the above-captioned case.

Putting aside the name-calling and histrionics, the Defense does not substantively dispute any of the facts supporting the use of a protective order in this matter.  The Defense does not dispute that the investigation and prosecution of those implicated in the Capitol Attack will likely be one of the largest in American history, both in terms of the number of defendants prosecuted and the nature and volume of the evidence.  The Defense does not dispute the scope of the charges that are under investigation or the voluminous amounts of information and evidence relating to both charged and uncharged individuals which may be discoverable pursuant to Federal Rules of Criminal Procedure 16 and 26.2, Local Criminal Rule 5.1(a), the provisions of *Brady v. Maryland*, 373 U.S. 83, 87 (1963), *Giglio v. United States*, 405 U.S. 150, 153-54 (1972), and the Jencks Act, 18 U.S.C. § 3500.  Nor does the Defense dispute the possibility that some of these evidentiary materials may contain sensitive information.  (Examples of the types of information that the Government may designate Sensitive or Highly Sensitive are identified in paragraph one of the

proposed order.) Finally, the Defense does not claim that any aspect of the proposed order would be particularly onerous or unworkable.

For these reasons and those stated in its motion, the Government has demonstrated the "good cause" required for the Court to issue a protective order governing the production of discovery in this matter. *See United States v. O'Keefe*, No. 06-CR-0249, 2007 WL 1239204, at *2 (D.D.C. Apr. 27, 2007) (describing the court's discretion as "vast"); *Cordova*, 806 F.3d at 1090 ("[A] 'trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.'" (quoting *Alderman v. United States*, 394 U.S. 165, 185 (1969)).

Many of the Defense's objections mischaracterize the proposed order as rendering certain categories of evidence as subject to protection. While paragraph one of the proposed order includes an illustrative list of items that could be subject to a sensitivity designation, it does not designate any particular category of items as Sensitive or Highly Sensitive. The same paragraph makes clear that the government will "make every effort to provide discovery in a manner that will allow for most discovery to be produced without such designations."[1] Paragraph 11 makes clear that the proposed order does not apply to, *inter alia*, materials that are or later become part of the public court record, or that are derived directly from or pertain solely to the defendant.

Further, Paragraph 8 requires the government to make "a good faith effort to resolve any dispute about a sensitivity designation without further order of this Court," and agree to redaction

---

[1] Though not mentioned by the Defense, the Government has already produced voluminous discovery in this matter, including agent reports, copies of publicly available videos, and body-worn camera footage from seven Metropolitan Police Department officers, all without any sensitivity designation.

whenever redaction will resolve the basis for which the designation was applied.[2]  Paragraph 10 makes clear that the defendant retains the right to seek modification of the proposed order and to challenge any particular designation before this Court.  It also states explicitly that the burden of justifying any designation remains at all times with the Government.

The remainder of the Defense's objections are meritless.  The Defense suggests that the proposed order will keep information from the public at pre-trial hearings or at trial (Opp. at 3), but Section 4(e) of the proposed order makes clear that none of the restrictions in the proposed order applies to the use of materials in judicial proceedings, and that any such use will be addressed by the parties and the Court prior to any such proceedings.

The Defense suggests that the Government may seek to designate all body-worn camera footage as sensitive (Opp. at 5), when, in fact, footnote one of the proposed order explicitly states that the Government will not mark the vast amount of body worn camera Sensitive or Highly Sensitive.  In fact, as noted in footnote one of this reply, the Government has already turned over body-worn camera footage in this case without claiming any sensitivity designation.

The Defense argues that the Government seeks to prevent the defense from using any security footage from the Capitol cameras in its pleadings unless the Government has already used the same footage in its pleading.  First, the proposed order does not make this assertion, and the Government has never made this assertion to the Defense.  Second, the Government has no

---

[2] The Defense claims that the proposed order is an attempt to shift the burden of "redacting sensitive information" to defense counsel (Opp. at 7).  Notably, the Defense does not cite any provision of the proposed order which does this – because there is none.  The only reference to "redaction" in the proposed order is in paragraph 8, which provides that Government may agree to redaction of information as a way to resolve the need for a sensitivity designation for a particular piece of evidence, but imposes no obligation on the defense counsel to make any redactions.

objection to the Defense using still shots from footage in pleadings, just as the Government has done. For the reasons stated in Attachment A, the Declaration of Thomas A. DiBiase, General Counsel to the United States Capitol Police ("USCP"), the proposed order does indicate that video footage may be subject to protection. At this juncture, however, as no such footage has been turned over, the objection to such a designation as to any particular excerpt of footage is premature.[3]

The fact that the defendant is charged individually and not with co-conspirators does not alleviate the need for the proposed protective order. Ultimately, in order to comply with its discovery and disclosure obligations, the Government intends to make voluminous materials available in all pending cases arising out of the events of January 6, 2021, including this one. These materials will include information such as tips, witness statements, and the results of searches performed upon other individuals' devices and accounts. Given the volume of material that is likely to be made accessible to the defendant here, the proposed order ensures that this information, where appropriate, will be adequately protected.

---

[3] For the reasons described in Attachment A, the Government does intend to mark all surveillance video footage from the USCP surveillance cameras as Highly Sensitive. If such footage is produced to the Defense, and the Defense believes that a Highly Sensitive designation is inappropriate, the Defense will have the opportunity to contest that designation, as described above. At that time, the Defense will have the opportunity to explain to this Court how limiting the disclosure of such materials to the Defendant, his defense counsel, as well as any attorneys, investigators, paralegals, support staff, and expert witnesses he adds to his defense team is "interfering with the attorney-client relationship" (Opp. at 3) or why public disclosure is essential to Mr. Anderson's defense to the charges. Similarly, if the Defense wishes to use such footage at a hearing in Court, it will be permitted to do so under the proposed order. The order simply requires the Defense to seek the Government's agreement or to give the Government an opportunity to propose conditions before the footage is disclosed in open court – a decision that ultimately rests with the Court.

While the Opposition contains a section entitled "Defense Proposal" (Opp. at 8), it is clear that the Defense is not actually proposing a constructive alternative, but simply opposes any protective order of any kind.

The Government has established the requisite good cause for the proposed protective order. The proposed order is designed to ensure the Defense has liberal access to discovery while protecting sensitive materials from unwarranted disclosure. The reasonableness of the proposed protective order is also demonstrated by the fact that, with or without minor modifications, the proposed protective order has already been adopted in Capitol Attack cases without opposition by Judges Bates (*see U.S. v. Klein*, 21-cr-236), Berman Jackson (*see U.S. v. Black*, 21-cr-127), Boasberg (*see U.S. v. Jancart*, 21-cr-148), Brown Jackson (*see U.S. v. Fitzimons*, 21-cr-181), Cooper (*see U.S. v. Egtvedt*, 21-cr-177), Friedrich (*see U.S. v. Martin*, 21-cr-201), Friedman (*see U.S. v. Bromley*, 21-cr-250), Hogan (*see U.S. v. Hatley*, 21-cr-98), Kollar-Kotelly (*see U.S. v. Caldwell*, 21-cr-181), Lamberth (*see U.S. v. Munchel*, 21-cr-118), McFadden (*see U.S. v. Fellows*, 21-cr-83), Mehta (*see U.S. v. Wood* (21-cr-223), and Nichols (*see U.S. v. Miller*, 21-cr-119), as well as by Magistrate Judges Faruqi (*see U.S. v. Wilson*, 21-mj-229), Harvey (*see U.S. v. Adams*, 21-mj-291), and Meriweather (*see U.S. v. Hernandez*, 21-mj-73).

For all of the foregoing reasons, the Government has demonstrated good cause for the Court to issue a protective order governing the production of discovery in this matter.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
DC Bar No. 415793

By: /s/ *Robert Juman*
Robert Juman
Assistant United States Attorney
Bar No. NJ 033201993
United States Attorney's Office
Detailee
555 Fourth Street, N.W.
Washington, DC 20530
Phone: (786) 514-9990
E-mail: Robert.juman@usdoj.gov

**CERTIFICATE OF SERVICE**

On this 11th day of April 2021, a copy of the foregoing was served upon all parties listed on the Electronic Case Filing (ECF) System.

*/s/ Robert Juman*
ROBERT JUMAN
Assistant United States Attorney