UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 21-cr-215-RC |
| | : | |
| **JOHN STEVEN ANDERSON** | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES' RESPONSE TO MOTION FOR DESIGNATION REMOVAL

The United States of America hereby responds to Defendant's motion (DE 24) to remove any sensitivity designation to a clip of U.S. Capitol security video that was designated as highly confidential pursuant to the terms of this Court's Protective Order Governing Discovery issued on April 26, 2021 (DE 20). For the reasons set forth below, Defendant's motion should be denied.

### The Basis for the Sensitivity Designation

In assessing Defendant's request, it is important to understand the basis for and consequences of the Government's designation of U.S. Capitol security video as highly sensitive. As set forth in the accompanying Declaration of Thomas A. DiBiase, General Counsel for the United States Capitol Police ("USCP") (Attachment A), the U.S. Capitol's closed circuit video system is the backbone of security for the U.S. Capitol and the surrounding U.S. Capitol Grounds. Access to this system is strictly limited by the USCP, and disclosure of any footage from these cameras must be approved by the USCP pursuant to its internal directives. The USCP's Office of the General Counsel has consistently taken a restrictive view of releasing such footage in cases other than serious crimes or national security. While the footage can be viewed by investigators

who come to the office of the USCP, the dissemination of such footage is much more limited, and occurs only in conjunction with protective orders that strictly prohibit the dissemination of the footage.

The USCP's concern with release of the footage is based on an awareness of efforts made by individuals, whether participants in the Capitol riots or not, to gather information about the interior of the U.S. Capitol which is generally not publicly available. The USCP is concerned that release of the footage without protection, especially to defendants who have already shown a desire to interfere with the democratic process, will result in the release of information regarding the vulnerabilities and security weaknesses of the U.S. Capitol which could be used in a future attack.

After the attempted insurrection at the U.S. Capitol on January 6, 2021, in order to assist in the investigation and prosecution of criminal cases, the USCP provided footage to the Federal Bureau of Investigation ("FBI"). But it did so subject to several restrictions, including that the footage: a) remain in the legal control of the USCP, b) not be subject to the Freedom of Information Act, and c) be returned to the USCP at the conclusion of any investigation. For this reason, when such footage has been relevant to a Capitol Riots case, it has been produced only subject to protective order like the one issued by this Court.

Pursuant to that Order, the Government has designated USCP security footage as "highly sensitive," which means that they cannot be disseminated beyond the defendant and his or her legal team, or other persons to whom the Court may authorize disclosure (DE 20, at 2). To ensure the protection of these highly sensitive materials, and as is standard with most protective orders, those who receive documents covered by the Order must also receive and review a copy of the Order itself (*id*. at 6).

In addition, USCP security footage cannot be publicly filed or used in unsealed court hearings absent agreement of the parties (*id*. at 3), which allows the Government to seek advance permission from the General Counsel of the USCP. In those rare cases where USCP security footage has been used in unsealed court proceedings, it has only been where the Government has obtained advance approval from the USCP Office of General Counsel.

### **Defendant Has Not Demonstrated Good Cause to Remove the Designation**

Stripped of histrionics and an improper attempt to argue the merits of the case, Defendant's request is simply that he be permitted to remove the sensitivity designation on a 30-second clip of video in order to provide it to his doctors for use in generating a potential defense to the criminal charges against him.

There is no need to remove the sensitivity designation of the video. The Government has no objection to Defendant sharing the video with his doctors and there is no need to change its designation in order for Defendant to do so.

Pursuant to Paragraph 4(b) of the Protective Order, Defendant is free to share even "highly sensitive" material with his "legal defense team." Pursuant to paragraph 3 of the Order, the "legal defense team" to include any expert witnesses who are advising or assisting defense counsel with this case (*id.* at 2). Because defense counsel is seeking information from defendant's doctors to use in connection with his criminal defense, then those doctors are part of the "legal defense team" In the alternative, the Court could specifically designate these doctors as "authorized persons" pursuant to paragraph 4(c) of the Order (*id*. at 2). Either way, Defendant is free to provide the video to them, so long as defense counsel also provides them with a copy of the Order itself, as required by paragraph 13 (*id*. at 6). Defendant and his counsel would then be free use the video with the doctors in any manner he chooses, so long as the footage is not further disseminated.

Defendant's exaggerated characterization of the Protective Order as "long and tortuous" and the melodramatic suggestion that it will "scare" the doctors into ceasing communications with defense counsel are absurd and unsupported by any evidence. Given the serious security concerns expressed by the USCP, the simple act of providing a copy of the Protective Order to doctors who already know they are assisting Defendant with his criminal case is a reasonable and necessary step to protect the footage from inappropriate dissemination.

WHEREFORE, the Government asks that the Court deny Defendant's motion in its entirety.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
DC Bar No. 415793

By:   /s/ *Robert Juman*
Robert Juman
Assistant United States Attorney
Bar No. NJ 033201993
United States Attorney's Office, Detailee
555 Fourth Street, N.W.
Washington, DC 20530
Phone: (786) 514-9990
E-mail: Robert.juman@usdoj.gov