UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal Case No: **1:21-CR-00215** |
| | ) |
| JOHN STEVEN ANDERSON | ) |
| | ) |
| Defendant. | ) |

**REPLY TO GOVERNMENT'S OPPOSITION OF DEFENDANT'S ORAL MOTION TO REMOVE DESIGNATION OF "HIGHLY SENSITIVE" FROM CCTV VIDEO CLIP**

The government has opposed defendant's Motion to Remove Designation, displacing their legal burden onto the defendant. The "good cause" burden is on the party seeking the secrecy of a protective order, not on the party seeking standard evidentiary treatment. See *United States v. Dixon*, 355 F. Supp. 3d 1 (D.D.C. 2019). The defendant does not have a "good cause" burden — that is the government's burden. Moreover, the protective order *drafted by the government* clearly states that the burden of maintaining the protective designations remains on the government, notwithstanding the entry of the initial protective order.

> 9. **Modification Permitted.** Nothing in this Order shall prevent any party from seeking modification of this Order nor prevent the defense from contesting a sensitivity designation. The parties agree that the burden of demonstrating the need for a protective order remains with the government at all times.

*Relevant protective order provision.*

The government discusses concerns about the dissemination of CCTV footage and yet fails to address the fact that the government has already used CCTV footage in some Capitol prosecutions, as outlined in defendant's Motion, and that the government made CCTV footage publicly available to Congress and that House impeachment managers publicly disseminated the CCTV video in the impeachment trial of Donald Trump following the January 6 incident at the Capitol.[1]



Videos shown by House impeachment managers on Feb. 10 as evidence in the impeachment trial of former president Donald Trump. (House Impeachment Managers)

The government also entirely ignores and fails to respond to the double standard that it has been called out on in defendant's Motion — that the government strategically utilizes the sensitivity designations as a matter of prosecutorial advantage.

---

[1] See all the evidence presented in Trump's impeachment trial | The Washington Post (2021). Retrieved 9 June 2021, from https://www.washingtonpost.com/politics/interactive/2021/evidence-trump-second-impeachment/.

And, the government fails to explain why video stills or screen shots from CCTV footage could be made public but moving images cannot.

Instead, the government audaciously decided to interpose their judgement as to how the defense should conduct their pretrial preparations to best suit the interests of the government. The government's conduct with respect to this issue is a due process concern for the defense. The defense, therefore, reminds the government that the due process clause assures "the fairness, and thus the legitimacy, of our adversary process" and that the Constitution guarantees all criminal defendants "a meaningful opportunity to present a complete defense." *Kimmelman v. Morrison*, 477 U.S. 365 (1986); *California v. Trombetta*, 467 U.S. 479, 485 (1984). And, a prosecutor's role in the justice system includes the duty to ensure that a defendant receive "constitutionally guaranteed access to evidence." *United States v. Valenzuela-Bernal*, 458 U.S. 858 (1982). "Taken together, this group of constitutional privileges delivers exculpatory evidence into the hands of the accused, thereby protecting the innocent from erroneous conviction and ensuring the integrity of our criminal justice system." *California v. Trombetta*, 467 U.S. 479 (1984). After all, prosecutors have a special "duty to seek justice, not merely to convict." *Connick v. Thompson*, 131 S.Ct. 1350, 1362 (2011).

In summation, the legal burden is on the government to maintain sensitivity designation on contested materials. The government has failed to meet its burden and has failed to address its double standards in sensitivity designations. Defendant's Motion should be granted for all of the reasons stated in his Motion and this Reply.

Respectfully submitted,
By Counsel:

/s/

---

Marina Medvin, Esq.
*Counsel for John Anderson*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

### CERTIFICATE OF SERVICE FOR CM/ECF

  I hereby certify that on June 9, 2021, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/

---

Marina Medvin, Esq.