IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JOHN STEVEN ANDERSON,<br><br>        Defendant.<br><br>CABLE NEWS NETWORK, INC., AMERICAN BROADCASTING COMPANIES, INC. d/b/a ABC NEWS, THE ASSOCIATED PRESS, BUZZFEED, INC. d/b/a BUZZFEED NEWS, CBS BROADCASTING INC. o/b/o CBS NEWS, DOW JONES & COMPANY, INC., publisher of THE WALL STREET JOURNAL, THE E.W. SCRIPPS COMPANY, GANNETT CO., INC., GRAY MEDIA GROUP, INC., LOS ANGELES TIMES COMMUNICATIONS LLC, publisher of THE LOS ANGELES TIMES, NATIONAL PUBLIC RADIO, INC., NBCUNIVERSAL MEDIA, LLC d/b/a NBC NEWS, THE NEW YORK TIMES COMPANY, PRO PUBLICA, INC., TEGNA, INC., AND WP COMPANY LLC, d/b/a THE WASHINGTON POST,<br><br>        Proposed Intervenors. | Case No. 1:21-cr-215-RC<br><br>*LEAVE TO FILE GRANTED*<br><br>[signature]<br>6/21/2021 |

**THE PRESS COALITION'S MOTION TO INTERVENE AND**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Pursuant to Local Criminal Rule 47, Proposed Intervenors Cable News Network, Inc., American Broadcasting Companies, Inc. d/b/a ABC News, The Associated Press, Buzzfeed, Inc. d/b/a BuzzFeed News, CBS Broadcasting Inc. o/b/o CBS News, Dow Jones & Company, Inc., publisher of The Wall Street Journal, The E.W. Scripps Company, Gannett Co., Inc., Gray Media Group, Inc., Los Angeles Times Communications LLC, publisher of The Los Angeles Times, National Public Radio, Inc., NBCUniversal Media, LLC d/b/a NBC News, The New York Times

Company, Pro Publica, Inc., Tegna, Inc., and WP Company LLC, d/b/a The Washington Post (together, the "Press Coalition") respectfully move to intervene in this matter for the limited purpose of challenging the Government's designation of a 30-second clip of surveillance video from the United States Capitol as "Highly Sensitive," which improperly prevents Defendant John Steven Anderson from providing that video segment to the press and the public. The Government cannot demonstrate a legitimate need to designate this 30-second video clip as "Highly Sensitive," because still images from this specific surveillance video are already in public view in the parties' filings in this case, and videos from Capitol surveillance cameras more generally have been made public by the Department of Justice, Congress, and the press. The Court should therefore order the Government to remove the challenged designation and to make the video clip available to the press and the public. In support of this motion the Press Coalition states as follows:

## BACKGROUND

This action is one of many criminal cases pending in this District arising out of the January 6, 2021 riot at the United States Capitol. Defendant John Steven Anderson is charged with, *inter alia*, assaulting, resisting, or impeding law enforcement officers and theft of government property during that riot. *See* Indictment, Dkt. 11. In its Statement of Facts in support of those charges, the Government provided multiple screenshots of video footage from a U.S. Capitol Police surveillance camera "reflecting a perspective from inside . . . the lower west terrace door." *See* Statement of Facts, Dkt. 1-1, at 3-8. According to the Government, such "[f]ootage from approximately 2:53 p.m. shows [defendant] touching and then assisting in passing a second police shield into the crowd." *See id.* at 6-7.

On April 26, 2021, the Court entered a Protective Order Governing Discovery in this matter (the "Protective Order"). *See* Dkt. 20. The Protective Order "governs materials provided

by the United States at any stage of discovery during this case and which the United States has identified as either 'Sensitive' or 'Highly Sensitive,'" and it lists "[s]urveillance camera footage from the U.S. Capitol Police's extensive system of cameras on U.S. Capitol grounds" among the "[e]xamples of materials that the United States may designate as 'Sensitive' or 'Highly Sensitive'" under the Protective Order. *See id.* at 1. The Protective Order states that, absent the Government's consent or the Court's authorization, "[n]o Sensitive or Highly Sensitive materials . . . may be disclosed to any persons other than Defendant, the legal defense team, or the persons to whom the Sensitive or Highly Sensitive information solely and directly pertains or his/her counsel." *Id.* at 2.

On May 3, 2021, the Government "request[ed] permission to provide in discovery sealed materials, pursuant to the previously entered [Protective Order]." *See* Unopposed Mot., Dkt. 21 at 1. The Government subsequently provided some portion of the surveillance video to Defendant and designated the video "Highly Sensitive" pursuant to the Protective Order.

On May 28, 2021, at the preliminary hearing in this matter, Defendant "moved via oral motion" to remove the "Highly Sensitive" designation from a portion of that surveillance video. *See* Mem. in Supp. of Def.'s Oral Mot. to Remove Designation of "Highly Sensitive" from CCTV Video Clip ("Mem.") at 1, Dkt. 24. Defendant subsequently filed a brief in support of that oral motion, specifying that he seeks to remove the sensitivity designation from 30 seconds of surveillance footage recorded at 2:53 PM (the "Video Clip"). In support of his motion, Defendant argues that the Government's sensitivity designation of this video clip is "inexplicable" given it has publicly released still images from that same video. *See id.* at 8.

According to Defendant, the Video Clip "establishes [his] defense" and is "highly exculpatory." *See id.* at 7, 9. Defendant accordingly seeks "to utilize [this] video publicly," and

3

he specifically asserts that "[p]ublic view and scrutiny of [his] case, and the government's conduct exposed at the same, is the standard American openness and transparency to which the American People and [he] are entitled." *Id.* at 9-11. Defendant also asserts that he intends to share the Video Clip with his medical providers and that he should be permitted to do so without "[f]orcing [his] existing medical providers to agree to a Protective Order." *Id.* at 9.

On June 8, 2021, the Government opposed Defendant's motion. *See* United States' Resp. to Mot. for Designation Removal ("Resp."), Dkt. 25. The Government argues that "[t]here is no need to remove the sensitivity designation of the video" because Defendant's medical providers are already part of his "legal defense team" and thus can receive the Video Clip "so long as the footage is not further disseminated." *Id.* at 3. However, the Government did not address Defendant's other stated goal of sharing the Video Clip with the public.

On June 9, 2021, Defendant submitted a reply to the Government's response. *See* Reply to Resp., Dkt. 26. Defendant argued that, under the Protective Order, the Government bears the burden of justifying its designation, and that the Government "fails to explain why video stills or screen shots from CCTV footage could be made public but moving images cannot." *Id.* at 3.

Now that Defendant's motion is briefed and awaiting adjudication, the Press Coalition respectfully moves to intervene in this matter to assert the public's distinct interest in receiving the Video Clip that Defendant would publish but for its designation as "Highly Sensitive."

**ARGUMENT**

**I.     The Press May Intervene For The Purpose Of Challenging A Protective Order**

It is well settled that members of the press, like members of the public, have standing to intervene to challenge protective orders and confidentiality designations that restrict access to materials of public concern. *See League of Women Voters of the United States v. Newby*, 963 F.3d 130, 135 (D.C. Cir. 2020) ("Every circuit court that has considered the question—including

this one—has come to the conclusion that nonparties may permissively intervene for the purpose of challenging confidentiality orders.") (internal marks omitted); *EEOC v. Nat'l Children's Ctr.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998) (embracing a "flexible approach" to intervention given "our longstanding tradition of public access to court records" so that "third parties [can] have their day in court to contest the scope or need for confidentiality," and "hold[ing] that third parties may be allowed to permissively intervene under [the Federal Civil Rules] for the limited purpose of seeking access to materials that have been shielded from public view either by seal or by a protective order") (citations and internal marks omitted); *In re Guantanamo Bay Detainee Litig.*, 630 F. Supp. 2d 1, 4 (D.D.C. 2009) (noting that the Court had granted press motion to intervene "for the limited purpose of opposing the government's motion" to designate unclassified material as "protected" under the Protective Order governing Guantanamo Bay prosecutions); *cf. United States v. Hubbard*, 650 F.2d 293, 311 n.67 (D.C. Cir. 1980) (noting that "[f]ederal courts have frequently permitted third parties to assert their interests in *preventing* disclosure of material sought in criminal proceedings") (emphasis added).

Here, the Press Coalition seeks to intervene for the limited purpose of challenging the Government's use of the Protective Order to prevent Defendant from making the Video Clip available to the public. Under the law of this Circuit, the Court should permit such intervention.

**II.     The Government Fails To Justify Designating The Video Clip As "Highly Sensitive"**

The Protective Order provides that "the burden of demonstrating the need for a protective order remains with the government at all times." *See* Dkt. 20 at 5. The Government has not demonstrated such a need with respect to the Video Clip, and it cannot do so on these facts.

According to the Government, the reason for restricting Capitol surveillance footage is that it might "result in the release of information regarding the vulnerabilities and security weaknesses of the U.S. Capitol which could be used in a future attack." Resp. at 2. The layout

of the Capitol is no secret, however, especially now that video from both inside and outside the Capitol has been widely disseminated. *See, e.g.*, Stephanie McNeal, *Here Are Some Of The Most Horrifying And Stunning Videos From The Assault On The Capitol*, BuzzFeed (Jan, 6, 2021), https://www.buzzfeednews.com/article/stephaniemcneal/videos-of-capitol-riot (compiling 20 videos of riots shared on social media, half from inside the Capitol); Lena V. Groeger et al., *See What Parler Saw During the Attack on the Capitol*, ProPublica (Jan, 17, 2021) https://projects.propublica.org/parler-capitol-videos/ (compiling "more than 500 videos" taken during the January 6 riots and shared on the social media service Parler); *Justice Dept. Video Shows Evidence of Alleged Baseball Bat Attack at Capitol Insurrection*, NBC Washington (Mar. 18, 2021) https://www.nbcwashington.com/news/local/justice-dep-video-shows-evidence-of-alleged-baseball-bat-attack-at-capitol-insurrection/2611920/ (showing Capitol security video released to the press after the Government took "no position" on request for access in *United States v. Jackson*, 2021 U.S. Dist. LEXIS 49841 (D.D.C. Mar. 17, 2021)).

Indeed, the Government itself has made footage from inside the Capitol available online in a request for public assistance in identifying suspects. *See, e.g.,* U.S. Capitol Violence, FBI, https://www.fbi.gov/wanted/capitol-violence. Capitol surveillance video has been made public multiple times in connection with the January 6 riot, most notably in President Trump's second Impeachment Trial. *See, e.g., See full video of how insurrection at Capitol unfolded*, CNN, https://www.cnn.com/videos/politics/2021/02/10/security-footage-capitol-riot-plaskett-timeline-impeachment-trial-two-vpx.cnn (Capitol security video shown at 12:30, 17:30, 21:40, 22:50, 33:40, 34:34). And, as discussed above and in Defendant's brief, the Government included still images pulled from the Video Clip in its public filings in this case. *See* Dkt. 1-1, at 3-8.

The D.C. Circuit addressed an analogous situation in *Washington Post v. Robinson*, where the *Post* sought access to the plea agreement of a district employee who cooperated with an investigation into Mayor Marion Barry. 935 F.2d 282, 283-85 (D.C. Cir. 1991). The government argued that the record should remain sealed because it "was part of an ongoing criminal investigation that might be compromised or that might embarrass innocent parties if publicized," because "release of the agreement may [have made] it difficult to secure the cooperation of other witnesses," and because "the safety of [the cooperator] and his family would have been placed at risk." *Id.* at 291 (citation, internal marks, and alterations omitted). The court rejected these speculative concerns, reasoning that the substantial amount of already-public information about the investigation and the cooperator's involvement, including information reported by the press, meant that unsealing the plea agreement "could hardly have posed any *additional* threat to the ongoing criminal investigation." *Id.* at 292 (emphasis added).

Because the public already has access to an enormous volume of videos from inside the Capitol, the Government likewise cannot demonstrate that releasing these 30 additional seconds would pose any further threat to the security of the Capitol. Especially when weighed against the public's interest in viewing evidence that the Defendant claims is exculpatory, the Government cannot justify maintaining its designation of the Video Clip as "Highly Sensitive." The Court should therefore order the Government to remove that designation from the Video Clip and to make the Video Clip available to the press and the public.

## CONCLUSION

For the foregoing reasons, the Press Coalition respectfully requests that the Court grant its motion to intervene, order the Government to remove the "Highly Sensitive" designation from

the Video Clip, direct the Government to make the Video Clip available to the press and the public, and grant such other and further relief as is just and proper.

Dated: June 11, 2021   Respectfully submitted,

BALLARD SPAHR LLP

*/s/ Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Lauren Russell (#1697195)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
russelll@ballardspahr.com

*Counsel for the Press Coalition*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of June 2021, I caused true and correct copies of the foregoing to be served via electronic mail and U.S. Mail on the following:

Robert Juman
Assistant United States Attorney
United States Attorney's Office, Detailee
555 Fourth Street, NW
Washington, DC 20530
robert.juman@usdoj.gov

*Counsel for the United States*

Marina Medvin
Medvin Law PLC
916 Prince Street
Suite 109
Alexandria, VA 22314
marina@medvinlaw.com

*Counsel for Defendant John Steven Anderson*

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)