IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JOHN STEVEN ANDERSON,<br><br>Defendant.<br><br>CABLE NEWS NETWORK, INC., et al.,<br><br>Proposed Intervenors. | Case No. 1:21-cr-215-RC |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
THE PRESS COALITION'S MOTION TO INTERVENE**

Sixteen national news organizations (the "Press Coalition") have moved to intervene in this matter for the limited purpose of challenging the Government's designation of a 30-second clip of surveillance video from the U.S. Capitol (the "Video Clip") as "Highly Sensitive," which prevents Defendant John Steven Anderson from providing that Video Clip to the press and the public, even though Defendant claims that the video "is exculpatory" and that it "depicts not just reasonable doubt" but "complete exoneration." Def.'s Mem. in Supp. of the Press Coalition's Mot. to Intervene ("Def.'s Mem.") at 10, Dkt. 31. Because the Government fails to show good cause for its "Highly Sensitive" designation, and because members of the public have an undeniable interest in assessing this video for themselves, the Court should grant the motion to intervene and order the Government to remove its challenged designation immediately.

**ARGUMENT**

**I.    The Parties Agree That The Press Coalition May Intervene In This Case.**

As the Press Coalition has noted, members of the press, like members of the public, have standing to intervene to challenge protective orders and confidentiality designations that restrict

access to materials of public concern.  *See* Motion to Intervene ("Mot.") at 4, Dkt. 27.  The Government has now conceded that point, *see* United States' Opp. to the Press Coalition's Mot. to Intervene ("Gov't Opp.") at 3, Dkt. 28 ("The government does not contest the Press Coalition's ability to intervene in this case for the purpose of challenging the government's designation of surveillance video as Highly Sensitive under the parties' protective order."), and the Defendant has asked the Court directly to grant the Press Coalition's motion, *see* Def.'s Mem. at 12 ("The defense and Press Coalition's motions should both be granted.").  Given that consensus, and because intervention is proper for all the reasons set out in the Press Coalition's motion, *see* Mot. at 4-5, the Court should permit the Press Coalition to intervene in this matter.

**II.     The Government Lacks Good Cause To Label The Video Clip "Highly Sensitive."**

The Government concedes that it bears the burden of demonstrating good cause to maintain the Video Clip as "Highly Sensitive" under the operative Protective Order, *see* Gov't Opp. at 7, and it is apparent that the Government has not carried that burden.  In particular, the Government has no response to the Press Coalition's argument that Capitol surveillance footage has already become public as a result of the January 6 riot, *see* Mot. at 6, other than to shrug off the substantial information already in the public record as "a few still images from [the Video Clip] and select video from other cameras inside the Capitol," *see* Gov't Resp. at 11.

The Government ignores, however, that in several other riot prosecutions, it <u>expressly agreed</u> to the release of such "select video" from inside the Capitol.  Indeed, in opposing the release of this Video Clip, the Government directly contradicts its own prior positions.  *See, e.g.*, *United States v. Jackson*, 2021 U.S. Dist. LEXIS 49841, at *2 (D.D.C. Mar. 17, 2021) (noting the Government took no position on a Press Coalition member's request for release of Capitol surveillance videos shown at a detention hearing); United States' Second Suppl. Resp. to Expedited Mot. for Public Access to Certain Sealed Video Exhibits, *In re Application of Press*

2

*Coalition for Certain Sealed Video Exhibits*, No. 21-mc-34-TFH, Dkt. 8 (withdrawing objection to release of Capitol surveillance videos in *United States v. Tanios*).

Most recently, the Government did not object to disclosure of Capitol surveillance footage in the *United States v. Cua* case, and that video subsequently become public. *See, e.g.*, Diego Mendoza, *Bodycam video shows man stealing badge, radio from Officer Fanone during Capitol riot melee*, WUSA9, July 6, 2021, https://www.wusa9.com/article/news/national/capitol-riots/watch-capitol-rioters-allegedly-assault-law-enforcement-thomas-sibick-bruno-cua-michael-fanone/65-c558e7ae-eb60-4afe-88d4-c16f09d357f5 ("The Justice Department also released CCTV footage from inside the Capitol Tuesday allegedly showing Cua with a baton in-hand approaching the doors to the Senate chamber.").[1]  The Government cannot possibly harmonize its acquiescence to the release of Capitol surveillance footage in those cases with its position here opposing <u>any</u> release of Capitol surveillance footage, no matter how small or important.

Because the public already has access to a significant volume of videos from inside the Capitol, including surveillance video, and because the public has a powerful interest in viewing evidence that this Defendant claims is exculpatory, the Government cannot possibly demonstrate good cause for preventing Defendant from releasing the Video Clip to the press and the public.

## CONCLUSION

For the foregoing reasons and those previously set forth in its initial motion, the Press Coalition respectfully requests that the Court permit it to intervene in this case, order the

---

[1] Though the Government did "not object" to disclosure of this surveillance footage, it did request, without explanation or support, that the Press Coalition be barred from copying or otherwise republishing the video. *See* Resp. to Minute Order Regarding Video Exhibit Release at 2, *United States v. Cua*, No. 21-cr-107-RDM, Dkt. 49.  Judge Emmet G. Sullivan squarely rejected that request and released the surveillance video without restriction. Minute Order of July 2, 2021, *In re Application for Access to Certain Sealed Video Exhibits*, No. 21-mc-74-EGS.

Government to remove the "Highly Sensitive" designation from the Video Clip, and grant such other and further relief as is just and proper.

Dated: July 13, 2021    Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Lauren Russell (#1697195)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
russelll@ballardspahr.com

*Counsel for the Press Coalition*